NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARILYN TILLMAN-CONERLY,

  Plaintiff-Appellant,

v.

OFFICE OF PERSONNEL
MANAGEMENT; LAVERNE WATSON,

  Defendants-Appellees.

No. 23-16120

D.C. No. 2:22-cv-01617-DAD-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted September 17, 2024[**]

Before:     WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Marilyn Tillman-Conerly appeals pro se from the district court's judgment

dismissing her action concerning her federal retirement benefits.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal

Rule of Civil Procedure 12(b)(1).  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d

---

  [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

956, 963 (9th Cir. 2018).  We affirm.

The district court properly dismissed Tillman-Conerly's action for lack of subject matter jurisdiction because, under the Civil Service Reform Act, Tillman-Conerly was required to adjudicate her claims before the Office of Personnel Management ("Office"), the Merit Systems Protection Board ("Board"), and the U.S. Court of Appeals for the Federal Circuit.  *See* 5 U.S.C. §§ 8347(b), (d) (stating that "[t]he Office shall adjudicate all claims" concerning retirement benefits and that its decisions may be appealed to the Board); 5 U.S.C. § 7703(b) (explaining that certain petitions for review of Board decisions must be filed in the Federal Circuit); 28 U.S.C § 1295(a)(9) (providing the Federal Circuit with "exclusive jurisdiction" over appeals of the Board's final orders); *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 792 (1985) ("Sections 1295(a)(9) and 7703(b)(1) together appear to provide for exclusive jurisdiction over [Board] decisions in the Federal Circuit . . . .").

**AFFIRMED.**

23-16120